UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIA OLIVEREZ,<br><br>            Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | No. 4:16-cv-05120-EFS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court, without oral argument, are cross-summary-judgment motions. ECF Nos. 13, 26. Plaintiff Maria Oliverez appeals the Administrative Law Judge's ("ALJ") denial of benefits. ECF No. 13. The Commissioner of Social Security ("Commissioner") asks the Court to affirm the ALJ's decision that Ms. Oliverez is not disabled and is capable of performing her past relevant work as a realtor and retail sales clerk. ECF No. 26 at 1-3. After reviewing the record and relevant authority, the Court is fully informed. For the reasons set forth below, the Court remands for further proceedings.

## I.    STATEMENT OF FACTS[1]

Plaintiff Maria Oliverez was born on August 15, 1955. Administrative Record, ECF No. 9, ("AR") 185. Her highest formal

---

[1] The facts are only briefly summarized. Detailed facts are contained in the administrative hearing transcript, the ALJ's decision, and the parties' briefs.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

education was at the tenth grade, although she has attempted to earn a GED and has completed a professional real estate course. AR 61. AR 56, 67. She stands 4'9" tall and weighs approximately 190 lbs. AR 421.

Ms. Oliverez has been diagnosed with a number of physical conditions, including hypertension, type II diabetes mellitus, hyperlipidemia, rheumatoid arthritis, severe osteoarthritis, depression and anxiety, hypercholesterolemia, hypokalemia, tobacco use disorder, and morbid obesity. *See* AR 298, 318, 322, 330, 367. She experiences regular chest, epigastric, knee, shoulder, and hand pain, *See* AR 52-57, 63-66, 364-72, 432-33, 441-50, and takes regular medication to manage her pain and other symptoms. *See* AR 59-60, 63-66, 70, 364-72. Although her knee pain has improved since she received two total knee replacements in December 2012 and June 2013, AR 367, 525, Ms. Oliverez still claims to experience significant pain and swelling after more than twenty minutes of walking or standing. AR 53-55.

Ms. Oliverez lives with her son and spends her days mostly at home, where she sweeps the house, does the dishes and laundry, and cooks meals. AR 55-56. In her free time, she enjoys reading and crocheting. AR 66-67. She has a significant work history: as a realtor (DOT Code: 354.377-014) from March 2002 to July 2005, a care provider (DOT Code: 250.357-018) from June 2007 to January 2010 and September 2010 to August 2011, and as a retail sales clerk (DOT Code: 211.462-014) from May 1994 to August 2008. AR 57, 185-86. She has not been employed full-time since 2011. AR 213.

//

/

## II. **PROCEDURAL HISTORY AND ALJ FINDINGS**

On April 30, 2012, Ms. Oliverez filed an application for disability insurance benefits and on July 23, 2012, filed a related application for supplemental security income. AR 19. In both claims, she alleged a disability onset date of April 4, 2012. AR 19. Ms. Oliverez's claims were denied initially and upon reconsideration. AR 19. She subsequently requested a hearing before an ALJ. AR 19. The hearing occurred before ALJ R.J. Payne on January 8, 2015, in Spokane, WA. AR 19. Ms. Oliverez and counsel appeared by video in Kennewick, WA, and medical expert H.C. Alexander III, M.D. appeared and testified by telephone. AR 19, 36-52.

On February 12, 2015, the ALJ issued a decision denying Ms. Oliverez's claim. AR 26-27. In his decision, he determined Ms. Oliverez has the severe impairments of diabetes mellitus, obesity, hypertension, and degenerative joint disease with bilateral total knee replacement. AR 21-22. The ALJ proceeded to find that Ms. Oliverez's imairments do not meet or medically equal the severity of any listed impairments. AR 22. Despite her impairments, the ALJ ultimately found Ms. Oliverez has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b) with no significant limitations. AR 22. Based on this assessment, the ALJ found Ms. Oliverez is capable of performing her past relevant work as a realtor and retail sales clerk, which "does not require the performance of work-related activities precluded by the claimant's residual functional capacity." AR 26 (citations omitted). As a result,

the ALJ concluded Ms. Oliverez is not disabled under sections 216(i) and 223(d) of the Social Security Act. AR 26.

The Appeals Council denied Ms. Oliverez's request for review, AR 1-3, making the ALJ's decision final agency action for purposes of judicial review. 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210. Ms. Oliverez filed this lawsuit on September 6, 2016, appealing the ALJ's decision. ECF No. 1. The parties then filed the present summary-judgment motions. ECF Nos. 13 & 26.

### III. **STANDARD OF REVIEW**

A district court's review of a Commissioner's final decision is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id*.

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are

supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## IV. DISABILITY DETERMINATION

A claimant is considered "disabled" for the purposes of the Social Security Act if two conditions are satisfied. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be of such severity that she "is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B). The decision-maker uses a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

Step one assesses whether the claimant is currently engaged in a substantial gainful activity. *Id.* § 416.920(a)(4)(i). If she is,

benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If she is not, the decision-maker proceeds to step two.

Step two assesses whether the claimant has a medically severe impairment, or combination of impairments, which significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). If she does not, the disability claim is denied. If she does, the evaluation proceeds to step three.

Step three compares the claimant's impairment to several recognized by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404 Subpt. P App. 1, 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment does not, the evaluation proceeds to step four.

Step four assesses whether the impairment prevents the claimant from performing work she has performed in the past by determining the claimant's residual functional capacity. *Id.* §§ 404.1520(e), 416.920(e). If the claimant is able to perform her previous work, the claimant is not disabled. If the claimant cannot perform this work, the evaluation proceeds to step five.

Step five, the final step, assesses whether the claimant can perform other work in the national economy in view of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Bowen v. Yuckert*, 482 U.S. 137 (1987). If she can, the disability claim is denied. If she cannot, the claim is granted.

The burden of proof shifts during this analysis. The claimant has the initial burden of establishing entitlement to disability benefits under steps one through four. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). At step five, the burden shifts to the Commissioner to show (1) the claimant can perform other substantial gainful activity and (2) that a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## V. **ANALYSIS**

Ms. Oliverez contends the ALJ erred because he (1) improperly found Ms. Oliverez could return to past work; (2) improperly weighed testimony evidence; and (3) discredited Ms. Oliverez's testimony without a specific, clear, and convincing reason. ECF No. 13. The Court addresses each challenge to the ALJ's decision in turn.

### A. Past relevant work

First, Ms. Oliverez contends the ALJ committed reversible error at step four by improperly finding she could return to past work as a realtor and a retail sales clerk. ECF No. 13 at 5. The Commissioner responds that Ms. Oliverez, not the Commissioner, has the burden of proving she can no longer perform her past relevant work and that the ALJ had substantial evidence to find her capable of performing her past relevant work ("PRW"). ECF No. 26 at 12.

To proceed past step four in the disability analysis outlined above, the claimant has the burden to show she can no longer perform her past relevant work "either as actually performed or as generally performed in the national economy." *Carmickle v. Comm'r, Soc. Sec.*

*Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008); 20 C.F.R. §§ 404.1520, 416.920. However, the ALJ retains a duty to make certain factual findings to conclude the claimant is able to return to work: the ALJ must make specific findings as to the claimant's (1) residual functional capacity, (2) the physical and mental demands of the past relevant work, and (3) the relationship of the residual functional capacity to the past work. *Pinto v. Massanari*, 249 F.3d 840, 844-45 (9th Cir. 2001); Social Security Ruling ("SSR") 82-62.

To dismiss a claim at step four, the ALJ must find the claimant can perform either (1) the *actual functional demands and job duties* of a particular past relevant job (2) or the functional demands and job duties of the occupation as *generally required* by employers throughout the national economy. SSR 82-61 (emphasis added). The ALJ should first consider past work as actually performed, and then as usually performed. SSR 96-8P.

Here, the ALJ found Ms. Oliverez has a residual functional capacity to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b) with no significant limitations. AR 22. However, the ALJ did not make any clear findings regarding the actual demands of Ms. Oliverez's past relevant work. *See* SSR 82-61. It is true that Ms. Oliverez responded to questions from her attorney regarding some of the actual physical demands of her past work at the hearing, for example, that she was required to stand for eight to ten hours a day as a retail clerk and lift heavy metal signs as a realtor. *See* AR 57-59. But the ALJ made no mention of these statements in his opinion, and there is no way of knowing whether he considered them. Indeed,

because the ALJ found the claimant's statements relating to her subjective symptoms not entirely credible, he may have similarly disregarded her statements about her past work, if he considered them at all. *See* AR 23-24.

Nor did the ALJ make sufficiently specific findings regarding the functional demands of Ms. Oliverez's past relevant work as generally required by employers throughout the national economy. *See* SSR 82-61. He only noted that her work as a realtor and as a retail sales clerk "required the ability to tolerate light exertion" and that Washington Disability Determination Services ("DDS") had found she could perform her past relevant work as a realtor. AR 26. Although the Dictionary of Occupation Titles ("DOT") and related descriptions for both jobs are present in the record, AR 104, 185, the ALJ made no significant reference to them in his opinion, and there is no other indication the ALJ considered them. Finally, the ALJ did not rely on vocational expert testimony, as is common practice at step four of the sequential analysis. 20 C.F.R. § 404.1560(b)(2), 416.960(b).

Because the ALJ did not make clear findings as to the actual physical and mental demands of Ms. Oliverez's past relevant work and did not make sufficiently specific findings regarding the demands of the work as "generally required by employers throughout the national economy," the Court remands for the ALJ to make such findings. *See* SSR 82-61; *Morgan v. Colvin,* 622 F. App'x 648, 649 (9th Cir. 2015) (remanding to the agency to make specific findings as to past relevant work).

/

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

**B.      Medical evidence**

Next, Ms. Oliverez contends the ALJ committed reversible error by improperly weighing the medical testimony of Drs. Alex Najera, Paul Schwartz, H.C. Alexander III, and J.R. Saphir. ECF No. 13 at 7-16. The Commissioner responds that the ALJ's interpretations of the medical evidence were reasonable and that Ms. Oliverez simply offers an alternate interpretation of the medical evidence, which is insufficient to overturn the ALJ's decision. ECF No. 26 at 9-11.

"In disability benefits cases, physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability — the claimant's ability to perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quotation omitted). There are three types of physicians: treating physicians, examining physicians, and nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Id.* The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Id*.

If the opinion of a treating physician is contradicted by another physician, the ALJ may not reject the opinion without providing "specific and legitimate reasons" supported by "substantial evidence" in the record. *Id.* "An ALJ can satisfy the 'substantial evidence' requirement by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his

interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (internal quotations omitted).

1. <u>Dr. Alex Najera</u>

The ALJ gave Dr. Najera's February 25, 2014 assessment of Ms. Oliverez little weight. AR 25. Given the legitimacy of at least one of the reasons given by the ALJ, the Court holds the ALJ did not err in awarding Dr. Najera's assessment little weight.

First, the ALJ gave Dr. Najera's assessment little weight because he "had only treated the claimant for a short time." AR 25. Ms. Oliverez contends the ALJ "confusingly" misstated the nature of her relationship with Dr. Najera. *See* ECF No. 13 at 7. She avers that Dr. Najera has treated her since at least 2011 and is thus a treating physician whose opinion should be afforded greater weight. ECF No. 13 at 8.

It is true that third-party medical records list Dr. Najera as Ms. Oliverez's primary care physician in January of 2011. AR 424. However, even if Dr. Najera was actively treating Ms. Oliverez in January 2011, the record does not indicate she saw him again until he evaluated her for state Department of Social and Health Services ("DSHS) benefits on February 25, 2014, nearly two years after her alleged onset date. *See* AR 428. Indeed, it would have been difficult for Dr. Najera to treat Ms. Oliverez, considering she moved to California in early 2012 and lived there until at least August of 2013. *See* AR 300, 520. Rather, the bulk of Ms. Oliverez's primary care during the period surrounding her onset date was provided by Dr. Nanette Chua of Red Bluff, CA, who referred her to orthopedic surgery.

*See* AR 288-92, 297, 300, 326-52 (detailing 10 appointments with Dr. Chua between May and November 2012).

Accordingly, the ALJ did not err by giving Dr. Najera's opinion less weight because of the short duration of his recent treatment relationship with Ms. Oliverez. *See Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007) (explaining the ALJ is entitled to weigh a treating physician's opinion by a number of factors, including the "[l]ength of the treatment relationship and the frequency of examination") (quoting 20 C.F.R. § 404.1527(c)(2)(i)).[2]

Even if the ALJ did err in discrediting Dr. Najera's testimony, such an error would likely be harmless because it would be inconsequential to the ALJ's ultimate nondisability determination. *See Molina*, 674 F.3d at 1115. Supposing that Dr. Najera accurately determined that Ms. Oliverez was limited to sedentary work for at least six months, she would not necessarily be entitled to disability benefits. *See* AR 23-24, 428; 42 U.S.C. § 1382c(a)(3)(A) ("an individual shall be considered to be disabled . . . if he is unable to engage in any substantial gainful activity . . . which has lasted or can be expected to last for a continuous *period of not less than twelve months*" (emphasis added)). Accordingly, the ALJ did not err in discrediting Dr. Najera's testimony.

2. Dr. Paul Schwartz

---

[2] The ALJ also gave Dr. Najera's assessment less weight because Ms. Oliverez may have had an incentive to overstate her symptoms and because Dr. Najera presumably applied state DSHS definitions of physical limitations. Because the Court finds the ALJ asserted a specific and legitimate reason for rejecting Dr. Najera's opinion – namely, the length of the treatment relationship and the frequency of examination – any errors the ALJ may have made regarding these other reasons were harmless.

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

The ALJ gave an little weight to assessment conducted by Dr. Schwartz, Ms. Oliverez's orthopedic surgeon and treating physician. AR 24-25. Dr. Schwartz's assessment appears to conflict with the opinions of non-examining physicians Drs. H.C. Alexander III, and J.R. Saphir. Accordingly, the ALJ is required to provide "legitimate and specific reasons" to reject Dr. Schwartz's assessment. *See Lester,* 81 F.3d at 830; *Orn*, 495 F.3d at 631.

First, the ALJ gave Dr. Schwartz's assessment little weight because it was completed before Ms. Oliverez's right knee replacement, which improved her ability to stand and walk. AR 24. While it is true the assessment was not completed before her second total knee replacement, Dr. Schwartz had a significant treatment relationship with Ms. Oliverez. She saw him seven times over the course of 2012 and 2013, and he personally performed both of her total knee replacements. *See* AR 416, 520-22. Dr. Schwartz expressly made his assessment in anticipation of her second knee surgery and noted that it would be scheduled within a year. AR 422. Moreover, as a specialist in orthopedic surgery, Dr. Schwartz's medical opinion should be afforded more weight than a generalist. *See* 20 C.F.R. § 404.1527(c)(5). Considering these factors, the Court cannot find that the ALJ's first reason to dismiss Dr. Schwartz's assessment was sufficiently specific and legitimate.

Second, the ALJ gave Dr. Schwartz's assessment little weight because he opined that Ms. Oliverez would be eligible for Social Security benefits. *See* AR 24-25, 422 ("The limitations inherent in total knee replacement will give her permanent disability. . . . In my

opinion she would be eligible for Social Security disability."). Although it is clear that the ALJ owed no deference to Dr. Schwartz's opinions on issues "reserved to the Commissioner," such as the final disability determination, 20 C.F.R. §§ 404.1527(d)(3), 416.972(d)(3), it is less clear why the ALJ rejected his assessment entirely. The Court finds this is not a specific and legitimate reason to reject Dr. Schwartz's assessment.

Because the ALJ's opinion does not articulate the "specific and legitimate reasons" required by the law of this Circuit, the ALJ harmfully erred giving little weight to the medical opinion of Dr. Schwartz.[3] *See Lester,* 81 F.3d at 830; *Orn*, 495 F.3d at 631. Accordingly, the Court remands for the ALJ to re-weigh the medical opinion of Dr. Schwartz.

    3. <u>Drs. H.C. Alexander III and J.R. Saphir</u>

The ALJ also considered the opinions of non-examining physicians Dr. Alexander, who telephonically appeared and testified at the January 8, 2015 hearing, and Dr. Saphir, who assessed Ms. Oliverez's medical records in April 2013. AR 24-25, 35. Ms. Oliverez contends the ALJ erred by improperly awarding more weight to the testimony of non-examining physicians Drs. Alexander and Saphir than examining physicians Drs. Najera and Schwartz. ECF No. 13 at 14.

The ALJ awarded the opinion of Dr. Alexander "significant" weight because he reviewed the entire longitudinal record, testified

---

[3] The record may, in fact, provide the ALJ specific and legitimate reasons to reject Dr. Schwartz's opinion – for example, when considered in light of Dr. Saphir's and Dr. Alexander's assessments and Ms. Oliverez's testimony at the hearing. However, this Court is limited to considering only those reasons expressly given by the ALJ. *See Lester*, 81 F.3d at 830-32.

and was subject to cross examination at the hearing, was familiar with Social Security regulations, and the consistency of his testimony with the objective medical evidence. AR 24. The ALJ also awarded the opinion of Dr. Saphir "great" weight because it is consistent with the evidence showing Ms. Oliverez's condition improved and consistent with the opinion of Dr. Alexander.

The Court finds these reasons convincing and holds that the record provides substantial evidence to support the ALJ's credibility determinations of Drs. Alexander and Saphir. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (holding ALJ properly relied on non-examining physician's opinion where it was based on objective medical evidence). However, because the ALJ is instructed to re-weigh Dr. Schwartz's opinion, he should re-evaluate the opinions of Drs. Alexander and Saphir in light of any developments on remand.

**C.    Lay testimony**

Ms. Oliverez also contends the ALJ improperly dismissed the lay testimony of her daughter and sister. ECF No. 13 at 17-18. The ALJ must give germane reasons to reject the testimony of lay witnesses. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).

Here, the ALJ gave little weight to the lay testimony of Ms. Oliverez's daughter and sister because they are not medically trained, are not disinterested, and the statements are inconsistent with the medical evidence. AR 25-26. Moreover, the ALJ noted that her sister's opinion was less credible because she only saw Ms. Oliverez every few weeks, and her daughter's statement was "very general" and not helpful. AR 26.

Lay testimony may not be dismissed simply because of potential bias or lack of medical training. *See Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1298 (9th Cir. 1999) ("[T]he fact that a lay witness is a family member cannot be a ground for rejecting his or her testimony."). Nonetheless, the ALJ provided sufficiently germane reasons to discredit the aforementioned lay testimony. Accordingly, the Court holds the ALJ did not err in giving little weight to the lay witness testimony of Ms. Oliverez's daughter and sister.

Ms. Oliverez's testimony

Finally, Ms. Oliverez contends the ALJ committed reversible error by discrediting her testimony regarding the intensity, persistence, and limiting effects of her symptoms without a specific, clear, and convincing reason. ECF No. 13 at 18. The Commissioner responds that the ALJ's stated reasons are sufficiently specific, clear, and convincing to reject Ms. Oliverez's testimony. ECF No. 26 at 5.

The ALJ found that Ms. Oliverez's medically determinable impairments could reasonably cause her alleged symptoms but that her statements regarding their intensity, persistence, and limiting effects were not entirely credible. AR 23-24. To support this conclusion, the ALJ cited her capacity for daily activities (e.g., completing household chores, laundry, pet care, cooking, shopping, and crocheting), that her impairments existed prior to the onset date and she previously engaged in substantial gainful activity in spite of them, that her knee conditions had improved since the onset date, and

that the frequency and severity of her alleged symptoms were not supported by the record evidence. AR 23.

An ALJ may only reject a claimant's testimony about the severity of her symptoms by offering "specific, clear, and convincing reasons for doing so." *Smolen*, 80 F.3d at 1281. "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Garrison*, 759 F.3d at 1014 (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Given that the Court is remanding this matter, in part, to re-weigh the medical evidence, the Court need not rule on whether the ALJ erred in rejecting Ms. Oliverez's testimony.[4] The ALJ is instructed to re-evaluate Ms. Oliverez's testimony in light of his new consideration of the medical evidence. *See Smolen*, 80 F.3d at 1281 (emphasizing the importance of objective medical evidence in weighing claimant's testimony). The ALJ should only discredit Ms. Oliverez's testimony regarding the severity of her symptoms by citing specific, clear, and convincing reasons.

**D.   Credit-as-true rule**

Ms. Oliverez requests that the Court remand to the Commissioner for an immediate award of benefits. ECF No. 13 at 6. The Ninth Circuit has employed the "credit-as-true rule," under which courts are free to

---

[4] The Court does note that the ALJ cited Ms. Oliverez's daily activities as a reason for discrediting her testimony. The Ninth Circuit has explained that a capability to complete basic daily activities does not necessitate an adverse credibility determination. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("The Social Security Act does not require claimants be utterly incapacitated to be eligible for benefits. . . ."); *see also Orn*, 495 F.3d at 639 (holding the ALJ must make specific findings that daily activities are transferrable to the workplace to discredit a claimant's testimony).

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 17

reverse and remand with instructions to calculate and award benefits if three conditions are met: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396 (9th Cir. 1988); *Garrison*, 759 F.3d at 1020 (9th Cir. 2014).

Here, the Court is remanding to further develop the record. It is therefore unclear whether the ALJ would be required to find Ms. Oliverez disabled on remand. Accordingly, the Court declines to remand for the immediate award of benefits. *Id*.

### VI. CONCLUSION

In summary, the Court finds the ALJ erred by failing to make specific findings as to the physical and mental demands of Ms. Oliverez's past relevant work and by failing to provide specific and legitimate reasons for discrediting the medical opinion of Dr. Paul Schwartz. The Court remands this case for the ALJ to:

1. Make specific findings as to the physical and mental demands of Ms. Oliverez's past relevant work as actually or generally performed;
2. Re-weigh the medical opinions of Drs. Schwartz, Alexander, and Saphir. The ALJ shall provide sufficient reasons if he rejects any of these opinions;

3.  If helpful, the ALJ should conduct additional hearings and receive additional evidence and testimony to further develop the record; and

4.  Re-evaluate the credibility of Ms. Oliverez's testimony in light of the objective medical evidence.

Accordingly, **IT IS HEREBY ORDERED**:

1.  Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED IN PART** and **DENIED IN PART**.

2.  The Commissioner's Motion for Summary Judgment, **ECF No. 26**, is **DENIED.**

3.  This matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.  **JUDGMENT** is to be entered in favor of the Plaintiff.

5.  Mr. Tree may file a separate motion to apply for attorneys fees.

6.  The case shall be **CLOSED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this  29th   day of September 2017.

s/Edward F. Shea
EDWARD F. SHEA
Senior United States District Judge

Q:\EFS\Civil\2016\16-CV-5120;Oliverez Soc Sec Ord Rul on Crs Mots for SJ.docx

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT – 19